UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FANNIE MAE,

                    Plaintiff,

- against -

YITZCHOK ALTMAN and
YITZCHOK STEFANSKY,

                    Defendants.
-----------------------------------------------------------x

File No.:

COMPLAINT

Plaintiff, Fannie Mae, by and through its attorneys, Cullen and Dykman LLP, files this Complaint and in support thereof states as follows:

### Jurisdiction and Venue

1. This is a civil action to enforce a partial guarantee by Defendants of payment of amounts and at an interest rate as set forth in a Guarantee Agreement ("Guarantee").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendants.

3. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper pursuant to 28 U.S.C. §1391 as Defendants reside herein.

### Parties

5. Plaintiff, Fannie Mae (the "Plaintiff"), is a corporation organized under the laws of the United States of America with an office at 3900 Wisconsin Avenue, NW, Washington, DC.

6. Upon information and belief, Defendant Yitzchok Altman is and was, at all times hereinafter mentioned, a resident of the State of New York, County of Rockland, with a last known address of 5 Neil Road, Spring Valley, New York 10977.

7. Upon information and belief, Defendant Yitzchok Stefansky is and was, at all times hereinafter mentioned, a resident of the State of New York, County of Rockland, with a last known address of 20 Mariner Way, Monsey, New York 10952.

### Background

8. On or about February 20, 2002, Harrisburg Hills Realty Associates, L.P. ("Harrisburg Hills") executed and delivered to Independence Community Bank (the "Bank") a certain Multifamily Note in the original principal amount of $8,000,000.00 (the "Note"). A copy of the Note is attached hereto, marked Exhibit A.

9. On or about February 20, 2002, Harrisburg Hills executed a certain Multifamily Mortgage, Assignment of Rents and Security Agreement (the Mortgage") in favor of the Bank securing the obligations of Harrisburg Hills under the Loan Documents. The Mortgage was recorded in the Dauphin County, Pennsylvania, Office of Recorder of Deeds at Book No. 4287, Page 89 et seq. A copy of the Mortgage is attached hereto, marked as Exhibit B.

10. Pursuant to the terms of the Mortgage, Harrisburg Hills granted the Bank a mortgage lien on certain real property and a security interest in certain personal property and all improvements thereon, comprising the apartment complexes located at 2632A and 2500 - 2769 Green Street, 1 - 9 and 21 - 60 Thomas Street, 10 – 32 Carey Street and 2401-2431 Parkway Boulevard, Harrisburg, Dauphin County, Pennsylvania (the "Real Property"), together with all

other improvements, appurtenances, equipment, intangibles, awards, insurance policies, leases and agreements, accounts receivable, securities, deposits, plans, and rights to appear or defend in any action or proceeding to protect their interests in the Real Property and improvements (collectively, the "Personal Property").

11.     On or about February 20, 2002, the Bank assigned the Mortgage and the Note to the Plaintiff. The Assignment of Mortgage was recorded in the Dauphin County, Pennsylvania Office of Recorder of Deeds at Book No. 4287, Page 134, et seq. A copy of the Assignment of Mortgage is attached hereto, marked Exhibit C.

12.     Pursuant to a certain Assumption, Modification and Release Agreement dated as of October 9, 2002 (the "Yoel Assumption"), Harrisburg Hills assigned all of its right, title and interest in the Real Property and the Personal Property to Yoel Realty, LLC ("Yoel"). Further, pursuant to the Yoel Assumption, Yoel assumed all of the various obligations outstanding under the Note, the Loan Documents and the Mortgage. The Yoel Assumption was recorded in the Dauphin County Office of Recorder of Deeds at Book No. 4576, Page 544 et seq. A copy of the Yoel Assumption is attached hereto, marked Exhibit D.

13.     Pursuant to that certain Assumption, Modification and Release Agreement dated as of January 18, 2005 (the "Freshwater Assumption"), Yoel assigned all of its right, title and interest in the Real Property and the Personal Property to Freshwater of Harrisburg, LLC ("Freshwater"). Further, pursuant to the Freshwater Assumption, Freshwater assumed all of the obligations outstanding under the Note, the Loan Documents and the Mortgage. The Freshwater Assumption was recorded in the Dauphin County, Pennsylvania Office of Recorder of Deeds at

Book No. 5859, Page 591 et seq. A copy of the Freshwater Assumption is attached hereto, marked Exhibit E.

14. Concurrently with the Freshwater Assumption, Freshwater executed and delivered that certain restated and reaffirmed Multifamily Note (the "Restated Note") in favor of the Plaintiff affirming the then remaining principal amount of $7,762,628.62 (the "Loan") which was secured by the Mortgage. A copy of the Restated Note is attached hereto, marked Exhibit F.

15. Events of default have occurred and are continuing under the Loan Documents as a result of, among other things, Freshwater's failure to pay amounts under the Loan Documents when due (the "Defaults").

16. By letter dated on or about April 17, 2007, Sovereign Bank, servicer for the Plaintiff, sent Freshwater and Defendants a notice of existence of the various events of default (the "Default Notice"). A copy of the Default Notice is attached hereto, marked Exhibit G.

17. Pursuant to the terms of the Mortgage, upon the occurrence of the events of default, all amounts payable under the Loan Documents were declared to be immediately due and payable.

18. The amounts due and owing under the Loan Documents and the Mortgage, as of April 17, 2007, are $9,153,774.66 (including outstanding principal, interest, late fees and utility advance(s)) plus additional interest (at the rate(s) of interest specified and agreed to in the Note and Restated Note), late fees and other charges including without limitation advances made under the Mortgage and attorneys' fees accruing after April 17, 2007.

19. The amounts due and owing under the Loan Documents and the Mortgage as of April 17, 2007 are itemized as follows:

   a) $7,545,636.27 in principal;

   b) $70,830.41 in interest;

   c) $15,560.20 in late charges;

   d) $71,693.05 in utility advances; and

   e) $1,450,054.73 in prepayment premium.

20. All conditions precedent to entry of judgment have occurred, have been performed, or have been waived.

## AS AND FOR A FIRST COUNT
## AGAINST DEFENDANT ALTMAN

21. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "20" above as though fully set forth herein at length.

22. On or about January 18, 2005, Defendant Altman made, executed and delivered to Plaintiff, for value received, a Guarantee, wherein and whereby he guaranteed payment to Plaintiff of all principal due under the Loan up to $608,042.64, with interest thereon at the rate set forth in the Mortgage, plus payment of all advances for taxes, insurance premiums, water and sewer charges, together with any other cost and expense, including attorney's fees incurred in collecting any amounts due on the mortgage. A copy of the Unconditional Guarantee is attached hereto, marked Exhibit H.

23. As set forth above, by letter dated on or about April 17, 2007, Sovereign Bank, servicer for the Plaintiff, sent Defendants the Default Notice (Exhibit G).

5

24. Despite due demand, Defendant Altman has failed to pay the amounts due and owing under the Loan Documents and the Mortgage as of April 17, 2007 which are itemized as follows:

   a)  $608,042.64 in principal on the Guarantee;

   b)  $71,693.05 in utility advances; and

   c)  interest on $608,042.46 at 7.19% per annum from April 17, 2007 to April 30, 2007 and at the default rate of 16% per annum from May 1, 2007.

25. Pursuant to the terms of the Guarantee, Altman is liable for all expenses Plaintiff incurs to enforce the terms of that Guarantee including, but not limited to, attorneys' fees.

## AS AND FOR A SECOND COUNT
## AGAINST DEFENDANT STEFANSKY

26. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "25" above as though fully set forth herein at length.

27. On or about January 18, 2005, Defendant Stefansky made, executed and delivered to Plaintiff, for value received, a Guarantee (Exhibit H), wherein and whereby he guaranteed payment to Plaintiff of all principal due under the Loan up to $608,042.64, with interest thereon at the rate set forth in the Mortgage, plus payment of all advances for taxes, insurance premiums, water and sewer charges, together with any other cost and expense, including attorney's fees incurred in collecting any amounts due on the mortgage.

28. As set forth above, by letter dated on or about April 17, 2007, Sovereign Bank, servicer for the Plaintiff, sent Defendants the Default Notice (Exhibit G).

29. Despite due demand, Defendant Altman has failed to pay the amounts due and owing under the Guarantee of the Loan as of April 17, 2007 which are itemized as follows:

    a)    $608,042.64 in principal on the Guarantee;

    b)    $71,693.05 in utility advances, and

    c)    interest on $608,042.46 at 7.19% per annum from April 17, 2007 to April 30, 2007 and at the default rate of 16% per annum from May 1, 2007.

30. Pursuant to the terms of the Guarantee, Stefansky is liable for all expenses Plaintiff incurs to enforce the terms of that Guarantee including, but not limited to, attorneys' fees.

WHEREFORE, Plaintiff demands judgment

    a.    On the First Count against Yitzchok Altman, in the sum of $679,735.69, together with interest on $608,042.64 thereof as demanded in paragraph 24 of the complaint, plus the expenses Plaintiff incurs to enforce the terms of that Guarantee including, but not limited to, attorneys' fees,

    b.    On the Second Count against Yitzchok Stefansky, in the sum of $679,735.69, together with interest on $608,042.64 thereof as demanded in paragraph 29 of the complaint, plus the expenses Plaintiff incurs to enforce the terms of that Guarantee including, but not limited to, attorneys' fees,

    c.    and for such other, further and different relief as the Court deems necessary, together with the costs and disbursements of this action.

Dated: Garden City, New York
May 4, 2007

CULLEN AND DYKMAN LLP

By: _____
Peter J. Mastaglio (PM 8303)
Attorneys for Plaintiff
100 Quentin Roosevelt Boulevard
Garden City, New York 11530
(516) 357-3700