**EXHIBIT G**

**Sovereign Bank**

Raymond LaRocco
Executive Vice President
Asset Management

April 17, 2007


Freshwater of Harrisburg LLC (the "**Borrower**")
5 Neil Road
Spring Valley, New York 10977

Freshwater of Harrisburg LLC
c/o Marvin L. Schwartz, Esq.
30 Van Buren Drive
Monroe, New York 10950

Mr. Yitzchok Altman
5 Neil Road
Spring Valley, NY 10977

Mr. Yitzchok Stefansky
20 Mariner Way
Monsey, NY 10952

RE:   That certain loan in the original principal amount of $8,000,000 (the "**Loan**");

evidenced by a Multifamily Note dated February 20, 2002 and Multifamily Note (Restated and Reaffirmed) dated January 18, 2005 (collectively, the "**Note**"), executed by Borrower and made payable to and/or assigned to Fannie Mae (the "**Lender**");

the related Multifamily Mortgage, Assignment of Rents and Security Agreement, and Assumption, Modification and Release Agreement executed and delivered by Borrower to and/or assigned to Lender (collectively, the "**Mortgage**");

the Note, the Mortgage and all other documents executed in connection with the Loan are collectively referred to herein as the "**Loan Documents**".

To Whom It May Concern:

As you are aware, Sovereign Bank is the Servicer for the Lender with regard to the above-referenced Loan. The Loan is secured by certain real property, improvements and personalty, as more fully described in the Mortgage (collectively, the "**Mortgaged Property**"). Events of Default (the "Events of Default") have occurred under the Loan Documents due to, among other things: (a) Borrower's failure to make (i) the monthly payment due April 1, 2007, of principal and interest, on the Note and (ii) all required Imposition Deposits pursuant to Section 7 of the Mortgage; (b) Borrower's failure to pay late fees and other charges due and payable under the Loan Documents; (c) Borrower's failure to pay all expenses of operating, managing, maintaining and repairing the

195 Montague Street, 14th Floor, New York, NY 11201
Telephone: 347-563-9340
E-Mail: RLarocco@sovereignbank.com

Sovereign Bank

Freshwater of Harrisburg, LLC
April 17, 2007
- page 2 -

Mortgage Property, including but not limited utility services for the Mortgaged Property, resulting in, upon information and belief, notice of imminent termination by utility companies of certain necessary utility services to the Mortgaged Property; (d) waste of the Mortgaged Property by Borrower and Borrower's permitting of impairment or deterioration of the Mortgaged Property; (e) Borrower's failure to restore or repair promptly, in a good and workmanlike manner, any damaged part of the Mortgaged Property to the equivalent of its original condition; (f) Borrower's failure to keep the Mortgaged Property in good repair, including replacement of personalty and fixtures with items of equal or better function; (g) Borrower's failure to provide for professional management of the Mortgaged Property; (h) Borrower's failure to comply with all laws, ordinances, regulations and requirements of governmental authorities, including but not limited to those pertaining to health and safety, and construction and improvements on the Mortgaged Property as evidenced by, among other things, property inspection reports provided by Borrower, Lender's inspections, and Code Violations and Notice(s) of Dwelling Unfit for Human Habitation issued by the Bureau of Code Enforcement for the City of Harrisburg, including notices issued by such Bureau to all tenants of the Mortgaged Property that all tenants must vacate the Mortgaged Property within thirty (30) days of March 26, 2007 because the Mortgaged Property has been declared "unfit for human habitation"; (i) upon information and belief, the occurrence of a "**Transfer**", as such term is defined in the Mortgage, as a result of, upon information and belief, a change in the members of the Borrower; (j) the occurrence of a Transfer as a result of Borrower's granting of a lien, encumbrance or security interest to Yitzchok Altman, as evidenced by that certain Mortgage recorded in the public records of Dauphin County at Book 6315 page 134.

Items (a), (b) and (c), above, are not subject to any cure period and each immediately constitutes an Event of Default under the Loan Documents giving the Lender the right to exercise all rights and remedies. Items (d) through (j), above, also are not subject to any cure period because, absent immediate exercise by Lender of its rights and remedies under the Mortgage, harm could result to Lender and/or the Mortgaged Property could be impaired, therefore, each of items (d) through (j) immediately constitutes an Event of Default under the Loan Documents giving the Lender the right to exercise all rights and remedies.

This letter will serve as notice under, among other provisions of the Loan Documents, Sections 22 and 43 of the Mortgage and Section 6 of the Note that (a) defaults and Events of Default have occurred under the Loan Documents, and (b) Lender has declared the entire unpaid balance and the entire Indebtedness (as defined in the Note and Mortgage) immediately due and payable.

Unless Lender receives the Total Due, plus any other amounts that might come due, all as described below, *in immediately available funds on or before 3:00 p.m. (Eastern Time) on Friday, April 20, 2007,* Lender will, without further notice or demand, take all available legal action to collect the Indebtedness and preserve Lender's liens, claims and interests in the Mortgaged Property securing payment of the Indebtedness. The Indebtedness in the amount of $9,071,490.55, as of April 17, 2007, is calculated as follows, errors and omissions excepted:

Sovereign Bank                                      Freshwater of Harrisburg, LLC
                                                                April 17, 2007
                                                                    - page 3 -

| | |
|---|---:|
| Principal Balance | $7,546,880.75 |
| Interest at 7.19% from 3/1/07 to 4/17/07 (47 days) | $70,842.15 |
| Late Charges (4) | $15,560.20 |
| Advance for Past Due Water Charges on 4-16-07 | $71,683.05 |
| Yield Prepayment Premium | $1,450,294.34 |
| Attorneys Fees, to date | $11,960.00 |
| Less RE Tax Escrow Balance | ($95,729.94) |
| "Total Due" as of April 17, 2007 | $9,071,490.55 |

Your payment must also include the following:

a.  For each day after April 17, 2007, add the sum of $1,507.27 for *per diem* interest.

b.  Any advances that the Lender, or its Servicer on behalf of Lender, might make for taxes, utilities, repairs, etc.

c.  Attorneys fees and costs of collection subsequent to April 17, 2007.

d.  Any other sums which might become due and payable under the Loan Documents.

You must contact us prior to remitting the amount due and we will provide you with the total amount due.

Funds may be wired to:

Sovereign Bank
ABA # 231372691
Account Number: 8907-191500
Reference Loan Number: 987201709

or sent, via good certified or official bank check, to Sovereign Bank at the address indicated above for receipt on or before the deadline specified above

**REVOCATION OF LICENSE TO COLLECT RENTS:**

Lender hereby notifies Borrower that, pursuant to Section 3 of the Mortgage, Borrower's revocable license to collect Rents (as defined in the Mortgage) has automatically terminated by the occurrence of Events of Default and Lender is entitled to all Rents related to the Mortgaged Proeprty. Lender hereby demands that Borrower immediately pay to Lender all Rents received or which may be received by Borrower in the future and, to the extent Borrower receives any Rents and until Rents are paid over to Lender, such Rents shall be held in trust as property of the Lender. Borrower shall not interfere with and is obligated to cooperate with Lender in Lender's collection of Rents.

Sovereign Bank

Freshwater of Harrisburg, LLC
April 17, 2007
- page 4 -

**DEMAND UPON GUARANTORS:**

Lender hereby makes demand for payment upon Yitzchok Altman and Yitzchok Stefansky (collectively, "**Guarantors**"), as guarantors under that certain Guarantee Agreement, dated January 18, 2005 (the "**Guarantee**"). Lender hereby demands that Guarantors, jointly and severally, immediately cause Lender to receive payment in the full of:

A. The Guarantee Amount under the Guarantee of $608,042.64 plus interest thereon at the rate specified in the Note and Mortgage from the date hereof;

B. All advances for taxes, insurance premiums, water and sewer charges and any other cost and expenses, including attorneys fees incurred in collecting any amounts due under the Mortgage and the Guarantee Agreement; and

C. All costs and expenses incurred in enforcing the Guarantee, including attorneys fees, together with interest thereon at the rate of 16% per annum.

\* \* \* \* \* \* \* \* \* \*

Lender does not hereby waive any defaults or Events of Default that have occurred or may occur with the passage of time under the Loan Documents. This notice is without prejudice to Lender's rights and remedies under the Loan Documents, applicable law or otherwise. Further, Lender reserves its right to exercise its rights and remedies at any time without further notice to Borrower, the Guarantors, any other guarantor, or any other person or entity. Any discussions between Lender, Borrower or any of the Guarantors regarding the administration or disposition of the Loan shall not constitute any rescission of this notice, or any waiver or forbearance of the exercise of Lender's rights and remedies under the Loan Documents and applicable law.

Lender's receipt and application of one or more payments in an amount less than the accelerated Indebtedness shall not serve to reinstate the Loan, but may be applied by Lender as a partial payment of amounts owed and may be applied by Lender in accordance with its rights under the Loan Documents.

Very truly yours,

SOVEREIGN BANK
Sole Servicer and Sole Agent for Fannie Mae

By: _____
Raymond A. LaRocco
Executive Vice President