**EXHIBIT H**

## GUARANTEE AGREEMENT

The undersigned, Yitzchok Altman, residing at 5 Neil Road, Spring Valley, New York 10977 and Yitzchok Stefansky, residing at 20 Mariner Way, Monsey, New York 10952, (each a "Guarantor", and collectively, the "Guarantors") in order to induce Fannie Mae, with an address and place of business located at 3900 Wisconsin Avenue N W, Washington, DC ("Lender") to permit the transfer of certain property located at 2500 Green Street and 10 Carey Street, Harrisburg, Pennsylvania (the "Premises"), presently encumbered by a first mortgage lien in the original principal amount of Eight Million and 00/100 ($8,000,000.00) Dollars given by Harrisburg Hills Realty Associates, L.P. to Independence Community Bank and dated February 20, 2002 which mortgage was thereafter duly recorded in the Official Records of Dauphin County, State of Pennsylvania on February 22, 2002 in Record Book 4287 at Page 89, which mortgage secured the payment of a certain note in the amount of Eight Million and 00/100 ($8,000,000.00) Dollars (the "Loan") given by Harrisburg Hills Realty Associates, L.P. to Independence Community Bank (said Note and Mortgage as modified and assumed by agreement of even date herewith shall be hereinafter, collectively, referred to as the "Mortgage") AND to further induce the Lender to permit the assumption of all debt and obligations under the Mortgage by Freshwater of Harrisburg LLC (the "Borrower") do hereby jointly and severally, absolutely, irrevocably and unconditionally, without offset, defense or counterclaim of any nature, guarantee to Lender its successors and/or assigns the payment of the Loan in accordance with its terms as follows:

**FIRST:** Payment of the sum of Six Hundred Eight Thousand Forty Two and 64/100 ($608,042.64) Dollars (the "Guarantee Amount") of the total amount of principal unpaid on the Loan, and the interest thereon at the rate as set forth in the Mortgage is hereby guaranteed by Guarantors to Lender. Such guarantee to continue in full force and effect until the earliest to occur

of the following events: (a) payment in full of the entire Loan amount with interest and any advances made by Lender pursuant to the terms of the Mortgage, (b) a decrease in the principal balance due and owing (by scheduled amortization, prepayment or otherwise) to amount equal to or less then Seven Million Three Hundred Sixty Thousand and 00/100 ($7,360,000.00) Dollars; or (c) a determination by the Lender, based on a current appraisal to be performed by the Lender or by an independent appraiser selected by the Lender, the cost of which shall be paid by the Borrower, or any Guarantor, that the then present unpaid principal balance is no greater then 80% of the value of the Mortgaged Premises as determined by such appraisal.

**SECOND:** Guarantors further jointly, severally and absolutely guarantee to Lender, in addition to the payment of all sums due pursuant to paragraph "FIRST", the payment of all advances for taxes, insurance premiums, water and sewer charges and any other cost and expenses, including attorney's fees, incurred in collecting any amounts due on the Mortgage whether by action for personal judgment or on this Guarantee or by foreclosure of the Mortgage.

**THIRD:** In the event Borrower shall fail to pay all or any sums due on the Mortgage in accordance with its terms, each and any Guarantor, upon written demand of Lender to any or all Guarantors, shall pay to the Lender the amount due and unpaid by the Borrower, up to the Guarantee Amount, as if such amount constituted the direct and primary obligation of each and every Guarantor. Lender shall not be required, prior to any such demand on, or payment by the Guarantor or any Guarantors, to pursue or exhaust any of its rights or remedies against Borrower or against any other person with respect to the payment of all or any sum due on the Mortgage. Any notices, demands, certifications, requests, communications or the like ("Notices") required to be given hereunder shall be given by United States Registered Mail, Return Receipt Requested, postage prepaid and addressed as follows: (i) if to the Guarantors, at their addresses set forth above; and (ii)

if to the Lender, at the address first set forth above, Attention: Gary M. Honstedt, Executive Vice President, or at such other address as each party may for itself hereafter designate in writing in like manner for the purpose of receiving Notices hereunder. Notice shall be deemed given three (3) business days after deposited in a United States Post Office branch.

**FOURTH:** Any action brought by Lender against Borrower by way of enforcing the Mortgage, whether by action for personal judgment or mortgage foreclosure, shall not constitute an election of remedies which would bar Lender from proceeding on this Guarantee and Lender may proceed against any or all of the Guarantors, either by independent action or as part of any action against Borrower in foreclosure or otherwise. Guarantors shall also pay all costs and expenses of Lender, including attorney's fees, (together with interest thereon at the rate of sixteen (16%) percent per annum) which may be incurred in enforcing any of the terms of this Guarantee. Guarantors hereby waive any right to a jury trial and agree not to interpose any counterclaim in any action by the Lender to enforce any of the terms of this Guarantee.

**FIFTH:** Guarantors further agree that any modification, waiver, extension, variation or other amendment of the Mortgage made in good faith by agreement between Lender and Borrower shall not operate to release or discharge either of the Guarantors from this Guarantee either in whole or in part.

**SIXTH:** This Guarantee is a continuing Guarantee and is assignable in whole or in part with the Mortgage, and when so assigned, Guarantors shall be bound as above to the assignee or assignees.

**SEVENTH:** This Guarantee shall inure to the benefit of Lender, its successors and assigns; shall jointly and severally bind Guarantors, their legal representatives, heirs and assigns, and shall be construed in accordance with the laws of the State of Pennsylvania.

**EIGHTH:** This Guarantee may be changed, altered or modified only by a written agreement signed by both the Lender and the Guarantors.

**NINTH:** This Guarantee may be executed in any number of counterparts, each of which shall constitute one and the same instrument, and any Guarantors may execute this Guarantee by signing any such counterpart.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

IN WITNESS WHEREOF, Guarantors have caused this Guarantee to be executed as of the 18th day of January, 2005.

_____
Yitzchok Altman

_____
Yitzchok Stefansky

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF New York        )

On the 18th day of January, 2005, before me, the undersigned, personally appeared Yitzchok Altman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

MICHAEL L. DONINI
Notary Public, State of New York
No. 01DO6097859
Qualified in New York County
Commission Expires Sept. 2, 2007

STATE OF NEW YORK         )
                          : ss.:
COUNTY OF New York        )

On the 18th day of January, 2005, before me, the undersigned, personally appeared Yitzchok Stefansky, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

MICHAEL L. DONINI
Notary Public, State of New York
No. 01DO6097859
Qualified in New York County
Commission Expires Sept. 2, 2007