# CULLENandDYKMANLLP

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

July 23, 2007

Hon. Stephen C. Robinson
United States District Court Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    FANNIE MAE v. ALTMAN & STEFANSKY
                 CV-07-3598

Dear Judge Robinson:

    This firm represents the plaintiff in the above action. I am submitting this letter, jointly with the attorneys for both defendants, in accordance with your Notice, dated May 10, 2007.

    With respect to the three subjects that you direct be covered in this letter, counsel advise the Court as follows:

1.    <u>Description of the Case</u>

    This is a diversity action in which plaintiff, the assignee of a loan, secured by a mortgage on Pennsylvania property, seeks to recover from the defendant partial guarantors of that loan the sum of $679,735.69 together with interest and plaintiff's expenses, including attorneys fees. The principal amount of the underlying mortgage loan, which is presently in default, is $8,000,000. Plaintiff claims that the amounts due and owing that are secured by the mortgage have risen to approximately $9,153,774.66 when principal, interest, late fees and utility advances are included.

    This action against the defendants is based on their written guaranty of that mortgage loan in which they guarantee payment of all principal due under the mortgage loan up to $608,042.64, together with interest and advances for taxes, insurance premiums, water and sewer charges and the costs and expenses of enforcement of the mortgage loan.

*CULLENandDYKMAN*LLP

Hon. Stephen C. Robinson
July 23, 2007
Page 2

      The two affirmative defenses raised by the defendants in their answer center on the fact that a foreclosure action against the mortgagor had previously been commenced in Pennsylvania state court and is still pending. The defendants in this action claim that, in view of the pending Pennsylvania foreclosure action, this action is premature. They also claim that the commencement by this plaintiff of the Pennsylvania foreclosure action constitutes an election of remedies which, under Pennsylvania law, allegedly bars the commencement of this action. It is plaintiff's position that under Pennsylvania law the commencement of the foreclosure action does not bar a separate action against the guarantors on the same underlying debt.

2.    <u>Contemplated Motions</u>

      At this point, the only contemplated motion is a motion by plaintiff for summary judgment.

3.    <u>Prospect for Settlement</u>

      While there are ongoing discussions among the plaintiff, the mortgagor, and the guarantors, there does not appear to be any immediate prospect of settlement.

Respectfully yours,

Peter J. Mastaglio (PM 8303)

PJM:ms

cc:    Susan Cooper, Esq.
       Office of Paul Savad & Associates