UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x      Case No. 07-CV-3598
                                                               (CLB)
FANNIE MAE,

                Plaintiff,                        **STIPULATION FOR**
                                                               **JUDGMENT**
    -against-

YITZCHOK ALTMAN and
YITZCHOK STEFANSKY,

                Defendants.
------------------------------------------------------- x

        IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for plaintiff and defendants as follows:

### RECITALS

    1.    Each counsel who signs this Stipulation has all authority required to bind the parties and the parties' successors, assigns and heirs, to the terms of this Stipulation and any Judgment resulting from it. Defendants have read this Stipulation, have consulted with their counsel as to its terms and agree to be bound by those terms.

    2.    Plaintiff has filed this lawsuit asserting claims against the defendants. The parties concede that this Court has subject matter jurisdiction of this action and that, by agreeing to a Judgment in this matter, they voluntarily consent to this Court exercising jurisdiction over their persons. Defendants agree that they have no defenses to the underlying claim in this action.

    3.    The parties agree that the terms of this proposed Judgment, as set out below, constitute a full and fair settlement of all claims raised and that could be raised in this matter and should be entered as the Judgment in this action by the Court. This Judgment is intended to and

-1-

will extinguish all claims that exist or that may exist between the parties to it, known or unknown, as of the date that this Stipulation is signed.

4. The parties agree that, pursuant to written guarantees ("the Guarantees") signed by the defendants of an $8,000,000.00 mortgage loan ("the Mortgage Loan") extended by plaintiff's predecessor, Sovereign Bank, which Mortgage Loan and Guarantees are now in default, plaintiff is entitled to recover from each of the defendants the principal guaranteed sum of $608,042.64, together with interest to the date of Judgment at the rate or rates set forth in the mortgage, plus late charges, payment of all advances for taxes, insurance premiums, water and sewer charges and all other costs and expenses, including attorneys fees incurred in collecting any amounts due on the mortgage.

5. Based on the principal balance due, interest accrued to date and advances made and actions taken by plaintiff as of this date, plaintiff is entitled to recover from each of the defendants on their Guarantees of the Mortgage Loan the following sums:

| | |
|---|---:|
| Principal amount | $ 608,042.64 |
| Accrued interest to 12-19-07 | 69,440.13 |
| Advances for taxes | 148,086.18 |
| Advances for insurance premiums | 82,206.50 |
| Advances for water, electric, gas and miscell. advances including attorneys fees | 238,468.09 |
| Accrued late charges | 15,560.20 |
| TOTAL SUM DUE | $1,161,803.70 |

### Terms of Proposed Judgment

1. Plaintiff shall have judgment against the defendants in the sum of $1,161,803.70 on the claims raised in the complaint on file in this action.

-2-

2.    In consideration of defendants' execution of this Stipulation permitting plaintiff to avoid the expense of a trial or hearing on damages, plaintiff agrees not to take any steps to enforce the money judgment against defendants entered in this action, including the filing of the judgment with County Clerks in New York State, prior to the earliest to occur: (1) the Plaintiff close on a sale of the right title and interest in and to the Mortgage Loan, the Guarantee and the Judgment entered herein (the "Loan Sale") pursuant to a Loan Document Assignment Agreement (the "Assignment of Contract; (2) the termination of the Assignment Contract by either party; or (3) February 15, 2008. It is intended by the parties that this delayed-enforcement commitment by plaintiff shall survive the entry of judgment but will not be incorporated into that judgment and that this stipulation will inure to the benefit of plaintiff's assignees and successors-in-interest.

3.    This Stipulation was executed on ~~December~~ January 9, 200~~8~~ at Garden City and Nanuet, New York.

CULLEN AND DYKMAN LLP

by: _____
Peter J. Mastaglio (8303)
Attorneys for Plaintiff

PAUL SAVAD & ASSOCIATES

by: _____
Attorneys for Defendants

_____
Yitzchok Altman

_____
Yitzchok Stefansky

-3-

## INDIVIDUAL ACKNOWLEDGMENT

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ROCKLAND )

On the 9 day of ~~December,~~ January 2007, before me, the undersigned, personally appeared YITZCHOK ALTMAN, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Paul Savad
Notary Public, State of New York
No. 02SA6075754
Qualified in Rockland County
Commission Expires 06/10/0_

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF ROCKLAND )

On the 9 day of ~~December,~~ January 2007, before me, the undersigned, personally appeared YITZCHOK STEFANSKY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Paul Savad
Notary Public, State of New York
No. 02SA6075754
Qualified in Rockland County
Commission Expires 06/10/0_

-4-

## ORDER ON STIPULATION

The Court has reviewed and accepted this Stipulation as a proper disposition of this matter.

IT IS ORDERED, that the Clerk of this Court enter Judgment in this matter, in favor of plaintiff, having an office at 3900 Wisconsin Avenue, N.W., Washington, D.C. against defendant Yitzchok Altman, last residing at 5 Neil Road, Spring Valley, New York and against defendant Yitzchok Stefansky, last residing at 20 Mariner Way, Monsey, New York in the sum of $1,161,803.70 according to the provisions of Rule 58 of the Federal Rules of Civil Procedure and in accordance with the terms of this Stipulation. Judgment should be so entered forthwith.

Dated: White Plains, New York
January /0, 2008

_____
U.S.D.J.



# CULLENandDYKMANLLP

PETER J. MASTAGLIO
PARTNER
DIRECT: 516-357-3751
DIRECT FAX: 516-296-9155
E-MAIL PMASTAGLIO@CULLENANDDYKMAN.COM

Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
Telephone (516) 357-3700 • Facsimile (516) 357-3792

January 9, 2008

**Via Facsimile Transmission (914) 390-4085
and Overnight Mail**

Honorable Charles L. Brieant
United States District Judge
United States Courthouse
300 Quarropas Street
White Pains, New York  10601

    Re:  Fannie Mae v. Yitzchok Altman and
        Yitzchok Stefansky
        Case No.  07-CV-3598 (CLB)

Dear Judge Brieant:

  This firm represents the plaintiff in the above action which involves a claim against the limited guarantors of an $8,000,000.00 mortgage loan extended by plaintiff's predecessor on multi-family property in Harrisburg, PA. Both defendants are represented by Paul Savad & Associates. A conference with the court is scheduled for Friday, January 11, 2008.

  I am pleased to advise you that the action has been resolved insofar as both sides have executed a Stipulation for Judgment asking the court to direct that the clerk of the court enter a money judgment in favor of the plaintiff against the defendants in the sum of $1,161,803.70. The original of that stipulation signed by both sets of counsel and the two defendants is enclosed. Both sides respectfully ask the Court to sign the Order on Stipulation which is attached to the Stipulation.

  In a conference call yesterday, Ms. Kraemer of Mr. Savad's office and I requested of a member of your staff that, in view of the pending resolution of the matter as

---

*Founded 1850*

| BROOKLYN | LONG ISLAND | MANHATTAN | WASHINGTON, D.C. | NEW JERSEY |

evidenced by the signed Stipulation, the conference scheduled for Friday, January 11, 2008 be cancelled. It was suggested that the Stipulation and the request for cancellation be forwarded to the court and that, if there is a problem with cancelling the conference date, we would be so advised. By copy of this letter being forwarded to your Honor by facsimile transmission, we are asking that the Court cancel the scheduled appearance on Friday.

Respectfully submitted,

Peter J. Mastaglio (PM 8303)

PJM: cat
Enclosure

cc: Laura M. Kraemer, Esq.
    Law Office of Paul Savad & Associates
    (Via Facsimile Transmission (845) 624-3821
    and Overnight Mail)

P.S. Also enclosed is an extra copy of the Stipulation and proposed Order. If the Order is signed I ask that a conformed copy be returned to me in the enclosed self-addressed stamped envelope.